NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

November 12, 2021

Carlos Bess
#68750-050
FCI-McKean
6975 PA-59
Lewis Run, PA 16738
*Pro Se Defendant*

Joyce M. Malliet, Esq.
Office of the United States Attorney
970 Broad Street, 7th Floor
Newark, NJ 07102
*Counsel for the United States of America*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:** *United States v. Carlos Bess*
**Criminal Action No. 16-522 (SDW)**

Litigants:

Before this Court is Defendant Carlos Bess's ("Defendant") Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A) and request for appointment of counsel. (D.E. 50.) This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motion.

## DISCUSSION

**A.**

Although a district court generally has limited authority to modify a federally imposed sentence once it commences, *see Dillon v. United States*, 560 U.S. 817, 825 (2010); *United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020), the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

(A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c). Accordingly, under the FSA, "a defendant seeking a [statutorily authorized modification] in his term of imprisonment bears the burden of establishing both that he has satisfied 1) the procedural prerequisites for judicial review, and 2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616 at *2.

First, "a defendant seeking a reduced sentence must ask the BOP to do so on his or her behalf," and either "wait thirty days for the BOP to respond" or "exhaust all available administrative appeals after receiving an adverse decision." *United States v. McDonald*, Crim. No. 09-556, 2020 WL 3638280, at *3 (D.N.J. July 2, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Then, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission,[1] and (3) the applicable sentencing factors under § 3553(a) [("Section 3553")] warrant a reduction." *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020) (citation omitted).

**B.**

On February 14, 2018, Defendant pled guilty to two counts of felon in possession of firearms; three counts of distribution and possession with intent to distribute heroin; and one count of possession with intent to distribute cocaine in violation of 18 U.S.C. § 922(g)(1) and §2 and 21 U.S.C. §§ 841(a)(1) and (b)(1). (D.E. 1; D.E. 40.) On May 29, 2018, this Court, in accordance with the stipulated agreement, sentenced Defendant to 120 months of imprisonment and three years of supervised release on each of the firearms charges and 162 months of imprisonment and four years of supervised release on each of the drug distribution charges, all terms to be served

---

[1] The Sentencing Commission's relevant policy statement identifies medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

concurrently. (D.E. 43, 45.)[2] Defendant is currently serving his sentence at Federal Correctional Institution McKean ("FCI McKean") in Lewis, Pennsylvania. (D.E. 53.)

On April 12, 2021, Defendant submitted a request to the BOP for compassionate release. (D.E. 52-1.) The BOP denied both Defendant's initial request and his subsequent appeal. (*See* (D.E. 50 Ex. A-C.) On July 22, 2021, Defendant filed a *pro se* Motion for Compassionate Release with this Court and requested that he be appointed counsel. (D.E. 50.)[3]

Defendant moves for compassionate release under the FSA due to his medical conditions which include asthma, chronic rhinitis, and a variety of nasal/sinus issues which he contends interfere with his breathing and which put him at increased risk for severe complications should he contract COVID-19. (D.E. 50 at 2-3, Ex. B.) Defendant asks that this Court order his release and reduce his sentence to time served.[4] (D.E. 38 at 53–54.) Defendant has been fully vaccinated against the COVID-19 virus, having received both doses of the Pfizer vaccine. (D.E. 52-3 at 1.) The Government opposes Defendant's motion, arguing that because Defendant has been fully vaccinated, he does not present any "extraordinary and compelling reasons" necessitating his release. (D.E. 52 at 1.)

## C.

Defendant, a 41-year-old man, contends that his asthma, rhinitis, and nasal/sinus issues make him more vulnerable to becoming seriously ill should he contract COVID-19. According to the Centers for Disease Control and Prevention ("CDC"), people with moderate to severe asthma can be more likely to get severely ill from COVID-19. *See* CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Oct. 14, 2021). The CDC does not recognize rhinitis or nasal obstructions/sinusitis as described by Defendant as conditions likely to put an individual at greater risk for illness.

This Court is sympathetic to Defendant's medical concerns regarding possible complications caused by COVID-19, but he has not established "compelling and extraordinary reasons" to justify his release. *See Epstein*, 2020 WL 1808616 at *2. Defendant's asthma is mild, not moderate or severe. (*See* D.E. 52 Ex. C (indicating that Defendant's asthma does not interfere with activities of daily living and his lung function and respiratory tests were normal.) Further,

---

[2] A Consent Judgment and Preliminary Order of Forfeiture as to the firearms at issue was also entered as to Defendant. (D.E. 44.) The sentence was stipulated and agreed upon by the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)C.

[3] The Federal Public Defender's office declined to enter an appearance on Defendant's behalf "because [Defendant] does not appear to fall within the class of people that the Centers for Disease Control considers most vulnerable to COVID-19." (D.E. 52-2.)

[4] Defendant indicates that, if released, he intends to reside with his mother in Perth Amboy, New Jersey. (D.E. 50 at 4.) To the extent that Defendant is seeking home confinement, (*see id.* Ex. B), this Court does not have the authority to order such relief but does have the authority to issue a recommendation to the BOP. *See* 18 U.S.C. § 3621(b)(4) (stating that the BOP may consider "any statement" by the sentencing court "recommending a type of penal or correctional facility"); *United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011) (noting that "district courts [have] the authority to make (or not make) non-binding recommendations to the Bureau of Prisons at any time").

Defendant's asthma is well-controlled and is being appropriately treated by BOP medical staff. (*Id.* (prescribing an Albuteral inhaler for Defendant's use "as needed").) As such, Defendant's asthma does not warrant compassionate release. *See, e.g.*, *United States v. Williams*, Crim. No. 17-341, 2021 WL 2374390, at *5 (D.N.J. June 10, 2021) (denying motion for compassionate release where defendant's asthma was "well-controlled").

Further, no matter the severity of Defendant's asthma, its existence no longer constitutes an extraordinary and compelling reason to grant his motion because Defendant has been fully vaccinated. (*See* D.E. 52-3 at 1.) The Pfizer vaccine is "exceptionally effective at reducing the risk of COVID-19." *United States v. Cook*, Crim. No. 11-20129, at *1 (E.D. Mich. May 20, 2021). As a result of Defendant's vaccination, he now has significant protection against serious illness or death should he contract COVID-19. *See, e.g.*, *United States v. Preschel*, Crim. No. 19-186, 2021 WL 3930716, at *3 (D.N.J. Sept. 2, 2021) (denying compassionate release where the court found that defendant's "'recent vaccination mitigates his risk from COVID-19'"); *United States v. Scalea*, Crim. No. 18-00620, 2021 WL 3667247, at *2 (D.N.J. Aug. 18, 2021) (determining a defendant's preexisting conditions are less likely to cause severe illness as a result of receiving a COVID-19 vaccine); *United States v. Arzola*, Crim. No. 06-569-1, 2021 WL 3486898 at *3 (D.N.J. Aug. 9, 2021) (finding that defendant's COVID-19 concerns were not "compelling and extraordinary" because he had received the first dose of the Moderna vaccine); *United States v Singh*, 525 F. Supp. 3d 543, 547–49 (M.D. Pa. 2021) (denying compassionate release to a vaccinated defendant).[5]

Even if Defendant's medical conditions justified his release, the applicable Section 3553(a) factors weigh strongly against such relief. Here, Defendant has served less than one-half of his 162-month stipulated sentence. In addition, Defendant pled guilty to multiple firearms and drug offenses, and has a lengthy criminal record. (PSR ¶¶ 50-81.) Early release would not prevent sentencing disparities, "reflect the seriousness" of the offense, "promote respect for the law," "provide just punishment" for the offense, or deter Defendant or others from similar conduct. *See* 18 U.S.C. § 3553(a)(2)(A); *see also* D.E. 48 at 9-11 (discussing sentencing factors). As a result, this Court declines to grant Defendant the relief he seeks.[6]

---

[5] With a total population of 1,022 inmates, FCI McKean currently has no active inmate COVID-19 cases. *See* https://www.bop.gov/coronavirus/ (last updated Nov. 10, 2021). FCI McKean has also fully vaccinated 47 staff members and 859 inmates. *Id.* Having also reviewed the safety protocols and procedures instituted by the Bureau of Prisons, *see BOP Modified Operations*, https://www.bop.gov/coronavirus/covid19_status.jsp (last updated Nov. 25, 2020), this Court finds that Defendant's risk of serious illness or death is not substantially higher simply because he is in custody at FCI McKean.

[6] Defendant's request for the appointment of counsel is also denied. Defendants do not "have a constitutional right to appointment of counsel when seeking compassionate relief." *United States v. Dorsey*, Crim. No. 14-323-1, 2021 WL 603035, at *1 (E.D. Pa. Feb. 16, 2021); *see also United States v. Burney*, Crim. No. 18-606, 2021 WL 4963253, at *2 (D.N.J. Oct. 25, 2021); *United States v. Coffey*, Crim. No. 20-003-03, 2021 WL 5173351, at *2 (E.D. Ky. Nov. 5, 2021). Although a district court has the discretion to appoint counsel, *see United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000), "where an underlying motion for compassionate release will fail, appointing counsel would be futile." *Coffey*, 2021 WL 5173351 at *2; *see also Burney*, 2021 WL 4963253 at *2.

**CONCLUSION**

       For the foregoing reasons, Defendant's Motion for Compassionate Release is **DENIED**. An appropriate order follows.

                                        /s/ Susan D. Wigenton
                              **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     Parties